# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| EXAE BARRERA GOMEZ, | * | |
| Petitioner, | * | CASE NO. 7:06-CV-5 HL |
| VS. | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 7:03-CR-30 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner Gomez entered into a Plea Agreement (Docket 13) with the Government and pled guilty to Possession With Intent to Distribute Methamphetamine in an amount in excess of 500 grams in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(A)(iii). (Docket 24). He waived appeal, but filed a Motion Pursuant to Rule 52(b), Federal Rules of Criminal Procedure (Docket 32) wherein he asks the court to review his Motion to determine whether he is entitled to sentence relief. The district court found that Rule 52(b) does not create a procedure for collaterally attacking a criminal sentence, and also that Petitioner was time -barred from filing a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.[1] Petitioner Gomez argues that the "plain error" of which he complains has to do with the Attorney General transferring methamphetamine to Schedule II under 21 C.F.R. § 1308.12(d), creating a conflict with the United States Code and the Code of Federal Regulations. Petitioner's "plain error" claim is not properly before this court by the terms of Rule 52(b)

---

[1] In *United States v. Martin,* **357 F.3d 1198, 1200 (10th Cir. 2004)**, the 10th Circuit acknowledged the futility in rendering notice pursuant to *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786 (2003)*,* in a case where the applicant's § 2255 statute of limitations was already expired.

itself.

Petitioner Gomez also alleged in his original motion that his sentence was pronounced in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); *Blakely v. Washington,* 542 U.S. 296 , 124 S.Ct. 2531 (2004); and, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).  The district court found that there was no *Apprendi* error inasmuch as Petitioner's sentence was based upon the drug amount admitted by him in his Plea Agreement, and that neither *Blakely* nor *Booker* had retroactive application to Petitioner's sentence or motion.  Petitioner Gomez claims here are pure questions of law, well-settled adversely to Petitioner's contention.  The district court denied Petitioner's Motion by Judgment on March 30, 2006. (Docket 37).  Petitioner Gomez has filed a Notice of Appeal (Docket 38) and a Motion to Proceed *In Forma Pauperis.* (Docket 41).

However,  Petitioner Gomez has failed to show any genuine issue which reasonable jurist would find debatable.  A district court should not issue a COA when binding circuit precedent clearly disposes of the issue.  *See Lawrence v. Florida,* 421 F.3d 1221, 1225 (11th Cir. 2005).   Further, under section 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  Petitioner Gomez  has made no such showing.  His Application For Certificate of Appealability  is, therefore, DENIED.  Additionally, Gomez's Motion for Leave to Proceed *In Forma Pauperis,* is  hereby DENIED AS MOOT.

**SO ORDERED,** this 3rd day of May  2006.

s/   Hugh Lawson
UNITED STATES DISTRICT JUDGE